Judge Roane
pronounced the Court’s opinion.
The Court is of opinion, upon the authority of the cases of Dean v. Newhall, (1 Term Rep. 68,) and Lacy v. Kynaston, (12 Mod. 551.,) that, where an obligee covenants not to sue one of two joint and several obligors, (and much more where the obligation is only not to sue him for a limited time, (Ayloffe v. Scrimshire, Carth. 63.,) this obligation does not amount to a release, but is a covenant only; and that the obligee may still sue the other pbligor at law.—And, on this ground, the Court affirms the judgment.
*9 At the same time, the majority of the Court are inclined to think, upon the authority of the case of Nisbet v. Smith, (2 Bro. ch. cases, 581,) recognized in this Court in the case of Croughton v. Duval, (3 Call 69,) that, where, as in this case, during the pendency of a suit, the creditor enters into a covenant, upon receiving a confession of judgment by the principal, to stay execution for a given time,—as (to use the words of the Court in Croughton v. Duval,) “this amounts to anew contract “ and compromise with the principal, without the con- “ sent of the surety, and deprives him of his remedy by “ a bill of quia timet, the security is thereby discharged, in Equity, from the obligation of his contract.
Judge Cabell
delivered the following separate opinion.
It was decided in the case of Dean v. Newhall, (8th Term Rep. 168,) that a covenant never to sue one of two joint and several obligors, was not, at law, a discharge of the other obligor; even although that other be a security. If this decision be correct, of which I have no doubt, it follows a fortiori that the agreement for a temporary stay of execution against the principal in the case now before the Court, was not at law, a discharge of the security.—• I am therefore of opinion to affirm the Judgment.
Whether the appellant be entitled to relief in equity, or not, is a question on which I forbear to express any opinion. The case when it goes before a Court of Chancery, may bear a different aspect, by the introduction of circumstances which the appellee knew were unnecessary to be exhibited to the Court of law; and I am not prepared to say that there is any rule in equity by which a temporary suspension, even for a day or an hour, of proceedings once commenced against a principal, will, in all cases and under all circumstances, be a discharge of the security. On this point, however, I wish to be understood as giving no opinion at present.